IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

RAY FISHER KIGHT,

    Plaintiff,

v.      CIVIL ACTION NO.: CV507-084

JERRY POPE, Sheriff, and
KIM PHILLIPS, Jail Administrator,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at the Bainbridge Probation Substance Abuse Treatment Center in Bainbridge, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while incarcerated at Coffee County Jail in Douglas, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that at Coffee County Jail on September 22, 2007, he was attacked by another inmate and that his eardrum was injured as a result. Plaintiff contends that this incident occurred because the jail has improper security classification and because there are no officers monitoring the inmates. Plaintiff asserts that he "could've been hurt really bad" and that he lives in constant fear. (Doc. No. 1, p. 5).

Plaintiff has named as Defendants Jerry Pope, Sheriff of Coffee County, and Kim Phillips, Coffee County Jail Administrator. However, Plaintiff has failed to make any specific factual allegations against either of these individuals relating to his claims. It appears that Plaintiff seeks to hold these Defendants liable based solely on their

supervisory roles. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. <u>Braddy v. Fla. Dep't of Labor & Employment Sec.</u>, 133 F.3d 797, 801 (11th Cir. 1998). Supervisors may be liable only through personal participation in the alleged constitutional violation or where there is a causal connection between the supervisor's conduct and the alleged violations. <u>Id.</u> at 802. A "causal connection" may be established where the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. <u>Id</u>. A causal connection may also be established where a supervisor's improper custom or policy results in the deprivation of constitutional rights <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1234 (11th Cir. 2003).

Plaintiff has alleged no such personal participation or causal connection on the part of either of the named Defendants. Plaintiff does not state sufficient facts demonstrating that the sheriff or the jail administrator can be held personally liable for the presence of staff or lack thereof, or the improper classification of prisoners. Instead, the Complaint simply alleges that the jail "house[es] all kinds of offenders together plus they have no officers to see about the inmates . . . ." (Doc. No. 1, p. 5). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and his Complaint is due to be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED** this 5th day of December, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE